CHARLES J. SCHUCK, Judge.
Claimant, a coal sales agency of Bluefield, West Virginia, asks for a refund in the amount of $4616.10, heretofore erroneously paid the state tax commissioner on gross sales or business and occupational taxes for the period from April 1, 1942 to June 30, 1946; the amount in question and so admitted by the state having been paid on sales of coal made wholly in the state of Kentucky and not in the state of West Virginia.
As shown by the record of claimant’s returns for the second, third and fourth quarters in 1942, all of 1943 and the first, second and third returns and payments for 1944, made to the tax commissioner are here involved and total *69 the amount for which claim is made in this court. The state tax commissioner on petition heretofore filed pursuant to code ll-l-2a, refunded similar overpayments for the fourth quarter of 1944, all of 1945 and the first and second quarters of 1946, but refused to refund the payments made for prior years on the ground that the payments had been made more than two years prior to the filing of the petition for a refund and were therefore barred by the statute governing the return of erroneously paid sales taxes.
All of the overpayments however, for which claim is here made, were paid within less than five years prior to the filing of this claim and in this connection we are of the opinion that the court is bound by the five-year limitation as set forth in the act creating the court, code 14-2-21, rather than by the two-year limitation, and consequently is charged with the duty of considering the claim as presented on its merits and not on any technical objection as interposed. That the state was not entitled by law to any of the payments in question is tacitly admitted; and that the contracts for the sale of coal made by claimant were consummated wholly in another state, and therefore did not give rise to any transactions on which the state of West Virginia could or had the legal right to assess or collect any gross sales taxes whatever; and therefore collected the payments and now withholds them without any warrant of law and is therefore morally bound to refund them accordingly. Surely, in equity and good conscience the state should not be placed in a different or paramount position, under the conditions here presented, than would be an individual who erroneously, improperly and illegally obtained money or funds which he refused to pay to the rightful owner upon demand or request for their return.
We are of the opinion that every claim for a refund of payments of taxes improperly made and unjustly collected by the state presents an independent matter based upon the particular facts surrounding the claim, and that *70 therefore the decision of the court in the instant claim is not inconsistent with former decisions.
In shortened procedure cases, Dulaney Motor company v. State Tax Commissioner, 2 Ct. Claims (W. Va.) 417 and Telewald, Inc. v. State Tax Commissioner, 2 Ct. Claims (W. Va.) 418, this court upheld the refund of gross sales taxes where they had been paid by mistake of fact, as in the instant case. Both of these cases as required by statute were concurred in by the state tax commissioner and approved by the attorney general. The majority of this court is still of the opinion that the five-year statute of limitations enacted by the Legislature for claims presented to the court applies to the instant case and that the two-year statute applies to the tax commissioner, but in those cases where there is a moral obligation upon the state that the court of claims should invoke the five-year statute of limitations.
In this claim the state is not required to pay out the public funds for private use but is merely asked to repay monies 'which were mistakenly paid to the tax commissioner and should never have been accepted by the tax commissioner.
A majority of the court is therefore of the opinion that an award in the amount of four thousand six hundred sixteen dollars and ten cents ($4616.10) should be allowed and recommend payment to the Legislature accordingly.